1  FARHAD NOVIAN (State Bar No. 118129)
   farhad@novianlaw.com
2  MICHAEL GERST (State Bar No. 266514)
   gerst@novianlaw.com
3  MICHAEL O'BRIEN (State Bar No. 277244)
   michaelo@novianlaw.com
4  NOVIAN & NOVIAN LLP
   1801 Century Park East, Suite 1201
5  Los Angeles, California 90067
   Telephone:  (310) 553-1222
6  Facsimile (310) 553-0222

7  Attorney for Plaintiffs,
8  CAROLWOOD EQUITIES, LLC and
   CAROLWOOD CAPITAL PARTNERS, LLC
9

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLWOOD EQUITIES, LLC, a Delaware Limited Liability Company, and CAROLWOOD CAPITAL PARTNERS, LLC, a California Limited Liability Company<br><br>Plaintiffs,<br><br>v.<br><br>CAROLWOOD PARTNERS, INC., a California Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:2:22-cv-08951<br><br>**COMPLAINT FOR:**<br><br>1. **False Designation of Origin**<br>2. **California Trademark Infringement**<br>3. **Unfair Competition**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs CAROLWOOD EQUITIES, LLC, and CAROLWOOD CAPITAL PARTNERS, LLC (collectively "Plaintiffs"), by and through their undersigned counsel, complaining of the Defendant CAROLWOOD PARTNERS, INC. ("CPI"); and DOES 1 through 10, inclusive (collectively, "Defendants"), respectfully allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs provide real estate investment services, acquisition, and management, among other financial and private investment activities, and have done so since 2014. Plaintiffs own federal and California state common law rights to the mark CAROLWOOD associated with the provision of these services. Defendants have knowingly and intentionally used the mark CAROLWOOD with the provision of real estate brokerage services, seeking to capitalize on Plaintiffs' eight years of marketing and goodwill, causing confusion in the marketplace and giving rise to this action. This conduct represents a blatant attempt by Defendants to seize upon Plaintiff's reputation in the real estate industry, and turn it to their advantage.

## JURISDICTION AND VENUE

2. The Court has original subject matter jurisdiction over Plaintiffs' federal claims arising under the Trademark Act of 1946, Title 15 U.S.C., § 1051 et seq. under 28 U.S.C. § 1331, 1338 (a) and (b).

3. This Court has personal jurisdiction over the Defendants because the events or omissions giving rise to the claim occurred, the tortuous acts occurred, and a substantial part of the injury took place and continues to take place, in this judicial district and/or each of the defendants can be found in this judicial district.

4. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C §§ 1391(b), 1391(c), and 1400(a) on information and belief that: (a) this is a judicial district in which a substantial part of the events giving rise to the claims occurred the tortuous acts occurred, and a

substantial part of the injury took place and continues to take place; and (b) this is a judicial district in which Defendants may be found.

5.  Upon information and belief, Defendants' principal place of business is 9440 Santa Monica Blvd., Ste 800, Beverly Hills, California 90210 which is in the Central District of California.

## **THE PARTIES**

6.  Plaintiff CAROLWOOD EQUITIES, LLC ("Carolwood Equities") is a Delaware Limited Liability Company with its principal place of business in Los Angeles, California.

7.  Plaintiff CAROLWOOD CAPITAL PARTNERS, LLC is a California Limited Liability Company, with its principal place of business in Los Angeles, California.

8.  Upon information and belief, Defendant CAROLWOOD PARTNERS, INC is, and, at all relevant times was, a California corporation doing business within the jurisdiction of this Court.

9.  Defendants DOES 1 through 10 are individuals and/or entities whose true names and capacities are presently unknown to Plaintiffs.  Plaintiffs are informed and believe, and thereon allege, that, at all times herein mentioned, each of the fictitiously named defendants was the agent, servant, and/or employee of his or her co-defendants and, in doing the things herein mentioned, was acting within the scope of his or her authority as such agent, servant, and/or employee, and with the permission and consent of his or her co-defendants, and that each of said fictitiously named defendants is, in some manner, liable or responsible to Plaintiffs based upon the facts hereinafter alleged and thereby proximately caused injuries and damages to Plaintiffs as more fully alleged herein.  Accordingly, Plaintiffs sue said defendants by said fictitious names.  At such time as said defendants' true names and capacities become known to Plaintiffs, Plaintiffs will seek leave to amend this Complaint to insert said true names and capacities of such individuals

1 and/or entities.

2   10.   At all relevant times, as alleged more fully herein, each Defendant acted as an agent, servant, employee, co-conspirator, alter-ego and/or joint venturer of the other Defendants, and in doing the things alleged herein acted within the course and scope of such agency, employment, alter-ego and/or in furtherance of the joint venture. Each of the Defendants acts alleged herein was done with the permission and consent of each of the other Defendants.

**FACTUAL BACKGROUND**

11.   Plaintiffs provide real estate investment services, acquisition, and management, among other financial and private investment activities, and have done so since 2014.  Plaintiffs have used the mark CAROLWOOD with provision of these services and has been known by that mark to others in real estate investing and property management community.  Over the past eight years, Plaintiffs have invested significant sums of time and money to build the CAROLWOOD name and brand in the real estate arena.  This has included press coverage of Plaintiffs' actions: https://la.eater.com/2019/5/21/18632735/croft-alley-beverly-hills-opening-coming-new-california.

12.   Carolwood Equities licenses the mark CAROLWOOD to a number of entities that operate discrete business on Carolwood Equities' behalf both in California and throughout the United States.

13.   Carolwood Equities further has numerous investments utilizing the CAROLWOOD mark, and the CAROLWOOD design mark (shown below) is well known in the real estate investing and property management community:



14.   The CAROLWOOD design mark and the CAROLWOOD word mark are collectively referred to as the "Protected Marks." The Protected Marks are used

along with the provision of real estate investment services throughout the United States.  Carolwood Equities both in California and throughout the United States.

15. Carolwood Equities is presently using the CAROLWOOD mark to buy two residential development sites in Beverly Hills.  Once developed, Carolwood Equities will sell these luxury residences under the CAROLWOOD name.  The transaction is currently in escrow.

16. The Protected Marks have long been used with the provision and advertisement of real estate investment services by Plaintiffs at numerous outlets including, but not limited to, Plaintiff's website, Bloomberg, Prequin and elsewhere. As such, there is no doubt that third parties, including Defendants, had access to the Protected Marks. Moreover, several individuals who worked with Plaintiffs have now gone on to work for Defendants, eliminating any possibility that Defendants were not aware of the Protected Marks.

## DEFENDANTS' INFRINGING CONDUCT

17. Based on information and belief, on or around July 13, 2022, Drew Fenton ("Fenton"), Ed Leyton ("Leyton"), Nick Segal ("Segal") formed Carolwood Partners, LLC as members.

18. Upon information and belief, on or around August 23, 2022, Carolwood Partners, LLC filed an intent-to-use trademark application for CAROLWOOD in international class 36 for "real estate brokerage services." International class 36 covers insurance and financial services, such as the real estate investment services Plaintiffs provide.

19. Upon information and belief, on or around September 9, 2022, Fenton, Leyton, and Segal converted Carolwood Partners, LLC to CPI.  However, CPI did not file a name change with the USPTO.

///

///

///

20. Upon information and belief, Fenton announced that CPI would be launching on his personal Instagram page on or around November 10, 2022. Images from that post are shown below:



21. The confusion begins with the bottom of this post. In the comparison below, the mark used on Fenton's Instagram page from paragraph 20 is shown to the left, and the Design Mark is shown on the right. The marks are identical in using a single color of an identical font on a contrasting background.

///
///
///
///
///
///

22. Upon information and belief, on or around November 10, 2022, CPI issued a press release announcing its creation, which is available at: https://www.prnewswire.com/news-releases/drew-fenton-ed-leyson-and-nick-segal-announce-the-opening-of-their-new-firmcarolwood-301675091.html. This press release recommended readers to tweet the following message on Twitter:

> Carolwood is a boutique brokerage based in Beverly Hills focused on the highest end segment of the market.
>
> Tweet this

23. Perhaps unsurprisingly, within hours of CPI's launch one real estate investor wrote to Plaintiffs to inquire as to why investors were not informed first of Plaintiff's activities:



24.     A few days later another investor wrote in just as confused as the last investor:



25. At this point, it was obvious that marketplace participants in the real estate investment markets, even very savvy ones, could not tell the genuine services offered by Plaintiffs from the services offered by CPI (the "Infringing Services").

26. Additionally, Plaintiffs' location and CPI's location are in a very small geographical area in Beverly Hills and West Hollywood, less than two miles apart.

27. A real estate investor in the West Los Angeles, Beverly Hills, or West Hollywood area would not know which company is offering which services due to the proximity of these locations, and their work with the same customers in the same place, in similar fields. Indeed, real estate investors *are* confused as shown above.

28. In the real estate field, the name, identity, reputation, and character of the firm engaged in such services is just as important as the quality of the property or products being marketed and sold, if not more. Plaintiffs have spent years and considerable sums of money building the Carolwood brand and reputation in this small community, upon which CPI is now trying to capitalize.

## FIRST CLAIM FOR RELIEF

**(False Designation of Origin – Against all defendants)**

29. Plaintiffs hereby reallege and incorporates the allegations contained in the preceding paragraphs as if fully set forth herein.

30. Plaintiffs have continuously used their Protected Marks, and the variations thereof, in commerce throughout all the United States, including this judicial district, in connection with and as a source identifier for Plaintiffs' services.

31. Plaintiffs' Protected Marks designate the origin of Plaintiffs' services as is recognized by numerous real property investments bearing the Protected Marks to attract investors. The recognition by others of the origin of goods establishes rights under the Lanham Act.

32. The Defendants have used the Protected Marks to pass of their own services as the services of the Plaintiffs.

///

33. The false designation is likely to, and in fact has, caused confusion, mistake, or deception in the marketplace for real estate investing as to the affiliation, connection, or association of defendant with another person, or as to the origin, sponsorship, or approval of Defendants' services, or commercial activities by consumers.

34. Defendants' acts are willful and, unless restrained, will continue to cause great and irreparable injury to Plaintiffs, Plaintiffs' business, Plaintiffs' business relationship with its investors, and to the goodwill and reputation of Plaintiffs, leaving Plaintiffs no adequate remedy at law.

35. Defendants' acts are the proximate cause of such injury and damage.

36. By reason of the foregoing, Plaintiffs are entitled to preliminary and permanent injunctive relief against Defendants, and anyone acting in concert with Defendants, to restrain further acts of false designation of origin of Plaintiffs' rights and, after trial, to recover any damages proven to have been caused by reason of Defendants' aforesaid acts of infringement and any enhanced damages justified by the willful and intentional nature of such acts.

## SECOND CLAIM FOR RELIEF

(California Trademark infringement - Against All Defendants)

37. Plaintiffs hereby reallege and incorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

38. Since at least as early as 2014, Plaintiffs have continuously used their Protected Marks, in commerce throughout the State of California, including this judicial district, in connection with and as a source identifier for Plaintiffs' services.

39. Defendants have made use of Plaintiffs' Protected Marks, without Plaintiffs' consent, knowledge, or authority.

40. Defendants' unauthorized use of Plaintiffs' Protected marks in connection with Defendants' marketing and sales of the Infringing Services constitutes infringement of Plaintiffs' common law trademark rights,

misappropriates the valuable goodwill developed by Plaintiffs in the Protected Marks, and is likely to cause (and has actually caused) confusion, mistake, and/or deception among the relevant public as to the source of Defendants' services or their affiliation, sponsorship or approval of Defendants' Infringing Services by Plaintiffs and/or Plaintiffs' business affiliates, advertisers, and investors.

41. Defendants' acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to describe and/or represent, in a false or misleading fashion, Defendants' services as those of Plaintiffs'.

42. Plaintiffs have earlier established, superior rights in their Trademarks.

43. Defendants are aware of Plaintiffs' use and corresponding rights in the Trademarks. Defendants' aforementioned acts constitute the use of Plaintiffs' exact Trademarks for identical or substantially similar goods and services, amounting to willful infringement of Plaintiffs' trademark rights.

44. Defendants acts of willful infringement of Plaintiffs' rights in the Protected Marks have caused and, unless restrained, will continue to cause great and irreparable injury to Plaintiffs, Plaintiffs' business, Plaintiffs' business relationship with its retailers, and to the goodwill and reputation of Plaintiffs, leaving Plaintiffs no adequate remedy at law.

45. Defendants' acts are the proximate cause of such injury and damage.

46. By reason of the foregoing, Plaintiffs are entitled to preliminary and permanent injunctive relief against Defendants, and anyone acting in concert with Defendants, to restrain further acts of false designation of origin of Plaintiffs' rights and, after trial, to recover any damages proven to have been caused by reason of Defendants' aforesaid acts of infringement and any enhanced damages justified by the willful and intentional nature of such acts.

///

///

**THIRD CAUSE OF ACTION**

(Unfair Competition, California Business & Professions Code § 17200

– Against All Defendants)

47. Plaintiffs hereby reallege and incorporate the allegations contained in the preceding paragraphs as if fully set forth herein.

48. Defendants' conduct, as alleged herein, is unlawful and Defendants engaged in such conduct without privilege, justification or excuse.

49. Defendants' numerous instances of misconduct, constitutes an "unlawful, unfair or fraudulent business act or practice" in violation of California Business & Professions Code § 17200 et seq.

50. Defendants' conduct has directly and proximately caused and will continue to cause Plaintiffs substantial and irreparable injury, including customer confusion, injury to its reputation, and diminution in value of its intellectual property, and unless restrained, will continue to seriously and irreparably impair further the value of Plaintiffs' Protected Marks, for which there is no adequate remedy at law.

51. In light of the foregoing, Plaintiff is entitled to an injunction under Cal. Bus. & Prof. Code §§ 17200 et seq. restraining Defendants from engaging in further such unlawful conduct, as well as restitution of those amounts unlawfully obtained by Defendants through their wrongful conduct.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully demand the following relief against Defendants, jointly and severally, with respect to each claim for relief:

1. That Defendants and their respective owners, officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, be preliminarily and then permanently restrained and enjoined from:

    a.    Manufacturing, advertising, promoting, displaying, shipping, offering for sale, selling, or distributing Infringing Services;

    b.    Manufacturing, advertising, promoting, displaying, shipping, offering for sale, selling, or distributing any other services or other products bearing Plaintiff's Protected Marks, or any other copy, reproduction, or colorable imitation thereof, or any other mark or design that is confusingly similar or substantially similar thereto; and

2.    That Plaintiffs be awarded all profits of Defendants plus all losses of Plaintiffs, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

3.    Compensatory, punitive, exemplary, consequential, incidental, and/or special damages, in an amount to be determined at trial;

4.    Restitution;

5.    Pre-judgment and post-judgment interest;

6.    Costs of suit incurred herein, including attorney's fees and expenses; and

7.    Such other relief as the Court may deem appropriate.

Dated:  December 9, 2022        **NOVIAN & NOVIAN, LLP**

By:   /s/ Farhad Novian
FARHAD NOVIAN
MICHAEL GERST
MICHAEL O'BRIEN

Attorneys for Plaintiffs
CAROLWOOD EQUITIES, LLC and
CAROLWOOD CAPITAL PARTNERS, LLC