FARHAD NOVIAN (State Bar No. 118129)
farhad@novianlaw.com
MICHAEL GERST (State Bar No. 266514)
gerst@novianlaw.com
MICHAEL O'BRIEN (State Bar No. 277244)
michaelo@novianlaw.com
NOVIAN & NOVIAN LLP
1801 Century Park East, Suite 1201
Los Angeles, California 90067
Telephone: (310) 553-1222

Attorney for Plaintiffs,
CAROLWOOD EQUITIES, LLC and
CAROLWOOD CAPITAL PARTNERS, LLC

BUCHALTER
A Professional Corporation
MATTHEW L. SEROR (SBN: 235043)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Email: mseror@buchalter.com

Attorneys for Defendant
CAROLWOOD PARTNERS, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLWOOD EQUITIES, LLC, a Delaware Limited Liability Company, and CAROLWOOD CAPITAL PARTNERS, LLC, a California Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>CAROLWOOD PARTNERS, INC., a California Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-08951 AB (RAOx)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date: May 26, 2023,<br>Time: 11:00 a.m. |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Under Rule 26(f) of the Federal Rules of Civil Procedure, plaintiffs CAROLWOOD EQUITIES, LLC and CAROLWOOD CAPITAL PARTNERS, LLC (collectively "Plaintiffs") and defendant CAROLWOOD PARTNERS, INC ("Defendant") submit this Joint Rule 26(f) Report and discovery plan in connection with this action's May 26, 2023, Scheduling Conference.

**A.     STATEMENT OF THE CASE**

Plaintiffs' Statement:

Plaintiffs' Complaint alleges three causes of action for False Designation of Origin, California Trademark Infringement, and Unfair Competition. Since 2014, Plaintiffs provide real estate investment services, acquisition, and management, among other financial and private investment activities utilizing the mark Carolwood. Beginning in 2022, Defendant began utilizing the Carolwood name and mark for residential real estate brokerage services. Almost immediately, Plaintiffs began receiving inquiries as to whether this was their venture. Both parties operate in the same small geographical area of West Los Angeles, Beverly Hills, and West Hollywood. Plaintiffs therefore seek injunctive relief, disgorgement of profits, Compensatory, punitive, exemplary, consequential, incidental, and/or special damages, restitution, and attorney's fees and costs.

Defendant's Statement:

Defendant denies each cause of action alleged in Plaintiffs' complaint. Given the material differences in the services offered by the parties, the sophistication of consumers who use the respective services of the parties, Defendant denies that there is any likelihood of confusion as between Plaintiffs and Defendant and their respective services. In addition, Defendant denies that Plaintiffs have suffered any recognizable harm or that Plaintiffs are entitled to the damages it seeks, specifically punitive and exemplary damages, attorney's fees and costs or statutory damages as

a matter of law.

**B.   SUBJECT MATTER JURISDICTION**

The parties agree that there is subject matter jurisdiction pursuant to the Trademark Act of 1946, Title 15 U.S.C., § 1051 et seq. under 28 U.S.C. § 1331, 1338 (a) and (b).

**C.   LEGAL ISSUES**

Plaintiffs' Statement:

The key legal issues in this case are:

1. Whether Defendant infringed upon Plaintiffs' trademarks.
2. Whether Defendants unfairly competed pursuant to Bus. & Prof. Code § 17200 and common law.

Defendant's Statement:

In addition to those set forth in Plaintiff's statement, Defendant contends that the scope of Plaintiff's rights in its purported mark and the strength of the mark must be adjudicated. In addition, Defendant has asserted two affirmative defenses that must be adjudicated: (1) fair use; and (2) lack of secondary meaning. Defendant contends that Plaintiffs are not entitled to the relief sought as a matter of law.

**D.   PARTIES, EVIDENCE, ETC.**

1. Plaintiffs Carolwood Equities, LLC and Carolwood Capital Partners, LLC.
2. Defendant is Carolwood Partners, Inc.
3. Instances of confusion regarding the Parties and the Carolwood marks.
4. Evidence related to the creation of and the selection of the Carolwood marks.
5. Witnesses include the principals of Plaintiffs and Defendants, including Andrew Shanfeld, Adam Rubin, Drew Fenton, Ed Leyton, and Nick Segal.
6. Defendant's trademark application with the USPTO.

7. Evidence related to specific services offered by the parties under their respective marks.

8. The manner in which the parties use their respective marks and how consumers interact and encounter them in the marketplace.

9. Plaintiffs' use of its purported mark, including if, and the extent, Plaintiff's mark has achieved secondary meaning.

10. The basis for Plaintiff's damage claims.

**E.  DAMAGES**

Plaintiffs' damages include actual damages and lost profits, incidental and consequential damages, and statutory and other related damages recoverable under the Lanham Act.

Defendant denies that Plaintiff has not sustained any damages in connection with Defendant's conduct. Defendant also denies that Plaintiff is entitled to the damages it seeks, specifically punitive and exemplary damages, attorney's fees and costs or statutory damages as a matter of law.

**F.  INSURANCE**

The Parties are presently not aware of any insurance coverage that would cover any monetary relief granted in this action.

**G.  MOTIONS**

The parties do not anticipate any motion seeking to add other parties or claims, file amended pleadings, transfer venue, or any other similar motions.

**H.  DISPOSITIVE MOTION**

The Plaintiffs and Defendant contemplate a potential summary judgment motion upon close of discovery.

**I.  MANUAL FOR COMPLEX LITIGATION**

The parties agree that the procedures of the Manual for Complex Litigation should not govern this case.

**J.     STATUS OF DISCOVERY**

Initial Disclosures: The parties are in the process of making disclosures under Rule 26(a) and anticipate that such disclosures will be made within a week of the filing of this report.

The parties anticipate serving initial written discovery following the exchange of initial disclosures.

**K.     DISCOVERY PLAN**

The parties do not require deviation from the Federal Rules of Civil Procedure.

Subjects of Discovery:  Plaintiffs plan to conduct discovery on the following items: (1) Defendant's decision to utilize the Carolwood name; (2) Defendant's design or copying of the Carolwood mark; (3) Defendant's marketing efforts; (4) Defendants' profits and revenue.

Defendants plan to conduct discovery on the following items: (1) Plaintiffs' adoption and use of its mark; (2) whether Plaintiffs' mark has achieved secondary meaning; (3) the marketing, advertising and promotional uses Plaintiffs have engaged in; (4) the sophistication of consumers who encounter the Parties' respective marks; (5) instances of actual consumer confusion; (6) the potential of expansion of the Parties' use of their respective marks; (7) the basis for Plaintiffs' claim that it has sustained losses or damage as a result of Defendant's conduct; (8) the basis for Plaintiffs' claim that Defendant has realized revenues based on the alleged infringement of Plaintiffs' mark; (9) the value of Plaintiffs' purported mark; (10) the relationship between the Plaintiffs and their respective rights in the mark at issue; (11) the strength of Plaintiffs' purported mark.

Phased Discovery:  At this time, the Parties do not anticipate the need to conduct discovery in phases.

Discovery Conducted Thus Far: None.

Discovery Limitations: Parties will negotiate and present to the Court a protective order regarding the conduct of discovery and exchange of documents. The Parties do not believe that it is necessary to limit other aspects discovery. The Parties reserve the right to seek modification of the limits once discovery is further underway.

Depositions: Plaintiffs expect to conduct at least four depositions of fact witnesses, and reserve the right to seek leave of the Court to take more depositions if necessary.

Defendant has not yet determined how many depositions it will take, which will largely be dependent upon the individuals disclosed by Plaintiff in its initial disclosures.

## L. DISCOVERY CUT-OFF

The parties propose the non-expert discovery cut-off to be 17 weeks before the Final Pretrial Conference.

## M. EXPERT DISCOVERY

The parties propose the following schedule for the completion of expert discovery.

- *Initial Expert Disclosures*: The parties shall disclose any expert witnesses and exchange expert reports on or before 20 weeks before Final Pretrial Conference.
- *Rebuttal Expert Disclosures*: The Parties shall disclose any rebuttal expert witnesses and exchange rebuttal reports on or before 16 weeks before Final Pretrial Conference.
- *Expert Discovery Cut-Off:* Depositions of experts must be completed 12 weeks before Final Pretrial Conference.

## N. SETTLEMENT CONFERENCE/ ALTERNATIVE DISPUTE RESOLUTION ("ADR")

Private mediation.

**O.     TRIAL ESTIMATE**

The parties jointly request a jury and hereby preserve that request for the time being. The Parties estimate that a jury trial of this matter will last five days. The five day time estimate includes time for the cross-examination of witnesses. Plaintiffs anticipate calling approximately 5-7 witnesses.

Defendant cannot yet estimate the number of witnesses it will be calling at the trial of this matter, but at least 4-5 fact witnesses, in addition to expert witnesses is anticipated.

**P.     TRIAL COUNSEL**

Trial counsel for Plaintiffs will be Farhad Novian and Michael Gerst.

Trial counsel for Defendant will be Matthew Seror.

**Q.     INDEPENDENT EXPERT OF MASTER**

The Court will not need to appoint a master pursuant to Fed. R. Civ. P. 53 or an independent scientific expert.

**R.     SCHEDULE WORKSHEET**

The Parties' Presumptive Schedule of Pretrial Dates is set forth in Exhibit "A," which is attached to this Joint Report.

**S.     OTHER ISSUES**

None.

| | | |
|---|---|---|
| Dated: April 14, 2023 | | **NOVIAN & NOVIAN, LLP** |
| | By: | _/s/Farhad Novian_ |
| | | FARHAD NOVIAN |
| | | MICHAEL GERST |
| | | MICHAEL O'BRIEN |
| | | |
| | | Attorneys for Plaintiffs |
| | | CAROLWOOD EQUITIES, LLC and CAROLWOOD CAPITAL PARTNERS, LLC |
| Dated: April 14, 2023 | | **BUCHALTER** |
| | | **A Professional Corporation** |
| | By: | _/s/ Matthew L. Seror_ |
| | | MATTHEW L. SEROR |
| | | |
| | | Attorneys for Defendant |
| | | CAROLWOOD PARTNERS, INC. |

**JUDGE ANDRÉ BIROTTE JR.**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
***The Court ORDERS the parties to make every effort to agree on dates.***

| Case No. 2:22-cv-08951 | Case Name: Carolwood Equities, LLC, et al., v. Carolwood Partners, Inc. | | | |
|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Check one: [X] Jury Trial or [ ] Court Trial (***Tuesday*** at 8:30 a.m., within 18 months after Complaint filed) Estimated Duration: Five Days | | 03/26/2024 | 03/26/2024 | [ ] Jury Trial [ ] Court Trial _____ Days |
| Final Pretrial Conference ("FPTC") [L.R. 16], Hearing on Motions In Limine (***Friday*** at 11:00 a.m., at least 17 days before trial) | | 03/01/2024 | 03/01/2024 | |
| **Event** [1] *Note:* Hearings shall be on Fridays at 10:00 a.m. Other dates can be any day of the week. | **Weeks Before FPTC** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Last Date to ***Hear*** Motion to Amend Pleadings /Add Parties *[Friday]* | | 11/03/2023 | 11/03/2023 | |
| Non-Expert Discovery Cut-Off **(no later than deadline for *filing* dispositive motion)** | 17 | 11/03/2023 | 11/03/2023 | |
| Expert Disclosure (Initial) | | 10/06/2023 | 10/06/2023 | |
| Expert Disclosure (Rebuttal) | | 11/10/2023 | 11/10/2023 | |
| Expert Discovery Cut-Off | 12[2] | 12/08/2023 | 12/08/2023 | |
| Last Date to ***Hear*** Motions *[Friday]* <br>• Rule 56 Motion due at least 5 weeks before hearing <br>• Opposition due 2 weeks after Motion is filed <br>• Reply due 1 week after Opposition is filed | 12 | 12/08/2023 | 12/08/2023 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select* one: [ ] 1. Magistrate Judge *(with Court approval)* [ ] 2. Court's Mediation Panel [X] 3. Private Mediation | 10 | 12/22/2023 | 12/22/2023 | [ ] 1. Mag. J. [ ] 2. Panel [ ] 3. Private |
| **Trial Filings (first round)** <br>• Motions In Limine <br>• Memoranda of Contentions of Fact and Law [L.R. 16-4] <br>• Witness Lists [L.R. 16-5] <br>• Joint Exhibit List [L.R. 16-6.1] <br>• Joint Status Report Regarding Settlement <br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)* <br>• Declarations containing Direct Testimony, if ordered *(court trial only)* | 3 | 2/9/2024 | 2/9/2024 | |
| **Trial Filings (second round)** <br>• Oppositions to Motions In Limine <br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7] <br>• Joint/Agreed Proposed Jury Instructions *(jury trial only)* <br>• Disputed Proposed Jury Instructions *(jury trial only)* <br>• Joint Proposed Verdict Forms *(jury trial only)* <br>• Joint Proposed Statement of the Case *(jury trial only)* <br>• Proposed Additional Voir Dire Questions, if any *(jury trial only)* <br>• Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | 2/16/2024 | 2/16/2024 | |

[1]  **The parties may seek dates for additional events by filing a separate Stipulation and Proposed Order. *Class actions and patent and ERISA cases in particular may need to vary from the above.***

[2]  **The parties may wish to consider cutting off expert discovery prior to the deadline for *filing* an MSJ.**